**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAGE HOME MORTGAGE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> RICKY CAROLINO, et al., <br><br> Defendants. | Case No.: 18cv1171-MMA (KSC) <br><br> **ORDER REMANDING ACTION TO STATE COURT** |

On June 5, 2018, Defendants Ricky and Shirley Carolina filed a Notice of Removal from the State of California, Superior Court for the County of San Diego. *See* Doc. No. 1. The state court complaint alleges a claim against Defendants for unlawful detainer. On June 6, 2018, Plaintiff Sage Home Mortgage, LLC filed a motion to remand this action to state court. *See* Doc. No. 2. Having reviewed Defendants' Notice of Removal, the Court finds it does not have subject matter jurisdiction over this action, the removal is procedurally defective, and sua sponte remand is appropriate. As such, no further briefing regarding Defendants' pending motion is necessary. For the reasons set forth below, the Court **REMANDS** this action to San Diego County Superior Court.

## DISCUSSION

Federal court is one of limited jurisdiction. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007). It possesses only that power authorized by the

1

Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541, 106 S. Ct. 1326, 89 L. Ed. 2d 501 (1986). It is constitutionally required to raise issues related to federal subject matter jurisdiction, and may do so sua sponte. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998); *see Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). Removal jurisdiction is governed by 28 U.S.C. § 1441, *et seq*. A state court action can only be removed if it could have originally been brought in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, for an action to be removed on the basis of federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. *Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10-11 (1983). Additionally, a federal court also has jurisdiction over an action involving citizens of different states when the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Whether federal jurisdiction exists is governed by the well-pleaded complaint rule. *Caterpillar*, 482 U.S. at 392. The well-pleaded complaint rule is a "powerful doctrine [that] severely limits the number of cases in which state law 'creates the cause of action' that may be initiated in or removed to federal district court . . . ." *Franchise Tax Bd.*, 463 U.S. at 9-10. Under this rule, the federal question must be "presented on the face of the plaintiff's properly pleaded complaint." *Id.*; *accord Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002).

Here, Defendants indicate in their removal papers that jurisdiction in this Court is based federal question jurisdiction. The presence or absence of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of [the] plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. A review of the state court complaint in this case shows that Plaintiff alleges a single unlawful detainer claim against Defendants under California state law. Plaintiff's state court complaint does not present a federal question of law that would provide this Court with jurisdiction over this matter.

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Defendants assert that this action is properly removable, but set forth no basis for this assertion in their Notice of Removal. Liberally construing the notice, which the Court is not obliged to do based on Defendants' representation by counsel, any purported federal rights or claims would be defenses and potential counterclaims against Plaintiff. However, neither defenses nor counterclaims are considered in evaluating whether a federal question appears on the face of a Plaintiff's complaint. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim"); *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint."). As such, Defendants' allegations do not establish federal question jurisdiction under 28 U.S.C. § 1331. Moreover, Defendants concede that they have instituted a separate action in this Court "to address federal questions and to add essential parties to the [a]judication of these federal questions." *Notice* ¶ 1.

Defendants also fail to establish that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. The notice of removal does not demonstrate that the amount in controversy exceeds $75,000, and the face of the state court complaint clearly demonstrates that Plaintiff seeks damages in an amount less than $10,000. Moreover, Defendants, citizens of California, may not properly remove this action. Under 28 U.S.C. § 1441(b), removal is permitted in diversity cases only when "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

In sum, Defendants have not adequately established a basis for this Court's subject matter jurisdiction. The Court must remand the case. *See* 28 U.S.C. § 1447(c).

## CONCLUSION

Having carefully reviewed the Notice of Removal and the accompanying documents, the Court finds and concludes that it does not have subject matter jurisdiction over this action and the removal is procedurally defective. Accordingly, the Court **REMANDS** this action to the Superior Court for the County of San Diego. The Court **DIRECTS** the Clerk of Court to return the case to state court forthwith, terminate any pending motions, and close this action.

**IT IS SO ORDERED**.

DATE: June 20, 2018

_____
HON. MICHAEL M. ANELLO
United States District Judge